```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

BRENT E. VINCENT and YSOLDA        §
VINCENT,                           §
                                   §
     Plaintiffs,                   §
                                   §
v.                                 §     CIVIL ACTION NO. H-11-0696
                                   §
GEOVERA SPECIALTY INSURANCE        §
COMPANY, KENNETH WHITE, GARY       §
HODGES, and JOAN RITCHIE,          §
                                   §
     Defendants.                   §

MEMORANDUM AND ORDER

Pending is Plaintiffs Brent E. Vincent's and Ysolda Vincent's Motion to Remand (Document No. 10). After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the case should be remanded.

I. Background

Plaintiffs Brent E. Vincent and Ysolda Vincent ("Plaintiffs") filed a claim under their Homeowner's Insurance Policy (the "Policy") with GeoVera Specialty Insurance Company ("GeoVera") for hurricane damage to their home at 19931 Sycamore Valley Drive, Cypress, Texas 77433 (the "Property").[1]  GeoVera assigned Defendants Kenneth White ("White"), Gary Hodges ("Hodges"), and

---

[1] Document No. 1, ex. 5 ¶¶ 13-14 (Orig. Pet.).

Joan Ritchie ("Ritchie") as the claims adjusters.[2] White and Hodges allegedly performed a "substandard inspection" of the Property, which "failed to include all the hurricane damages noted upon inspection" and "grossly undervalued" the damages that they did report.[3] Plaintiffs also allege that Ritchie "failed to thoroughly review the Adjuster's assessment of the claims and approved an inaccurate report of the damages."[4] Plaintiffs allege that these actions by the adjusters resulted in GeoVera denying some of Plaintiffs' claims and underpaying others.[5]

Plaintiffs sued in state court, alleging claims against GeoVera for breach of contract, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code (unfair settlement practices and prompt payment of claims); a claim against White, Hodges, and Ritchie for violating the Texas Insurance Code (unfair settlement practices); and claims against all Defendants for common law fraud and conspiracy to commit fraud.[6] Defendants removed based on diversity, claiming that White was joined improperly to defeat diversity jurisdiction. It is undisputed that

---

[2] Id., ex. 5 ¶ 19.

[3] Id.

[4] Id.

[5] Id.

[6] Id., ex. 5 ¶¶ 35-60.

GeoVera is a citizen of California[7] and Plaintiffs and White are Texas citizens; therefore, if White was joined properly, the Court lacks diversity jurisdiction.  Plaintiffs now move to remand.

## II.   Motion to Remand

A.   Improper Joinder Standard

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant.  Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003).  Here, Defendants do not assert that Plaintiffs fraudulently pleaded jurisdictional facts, so only the second prong is at issue.  Under this prong, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant.  Id. at 462.  A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one.  Id.  The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).   The scope of the inquiry for improper joinder, however, is broader than that for Rule

---

[7] Document No. 1 ¶ 3.

>   12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.

Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (citing Ross, 344 F.3d at 462-63); *accord* Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003).  Whether or not to "pierce the pleadings" is discretionary, and may be appropriate in order to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the non-diverse defendant. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004).  The focus of this summary inquiry must be on whether the defendants were improperly joined in order to defeat diversity, not on the overall merits of the plaintiff's case.  Id. at 573.

The party claiming fraudulent joinder bears a "heavy" burden of persuasion.  Id.  All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand.  Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

B.  Analysis

Defendants assert that the case was properly removed because "Plaintiffs do not set forth any actionable facts linking their

4

claims to the conduct of the Adjuster Defendants."[8] The allegations against White in the "FACTS" section of Plaintiffs' Original Petition are as follows:

> 19. GeoVera assigned Defendants White, Hodges, and Ritchie as the individual adjusters on the claim. Defendant White and Hodges conducted a substandard inspection of Plaintiffs' property. It is evident from the report that they failed to include all the hurricane damages noted in the inspection. Moreover, the damages that were included were grossly undervalued . . . .
>
> 23. Defendants GeoVera, White, Hodges, and Ritchie misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence . . . .
>
> 24. Defendants GeoVera, White, Hodges, and Ritchie failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. . . .
>
> 25. Defendants GeoVera, White, Hodges, and Ritchie's [sic] failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants GeoVera, White, Hodges, and Ritchie failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants GeoVera, White, Hodges, and Ritchie did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim . . . .
>
> 26. Defendants GeoVera, White, Hodges, and Ritchie failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically,

---

[8] Document No. 11 ¶ 2.3.

>    Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants GeoVera, White, Hodges, and Ritchie . . . .
>
> 27. Defendants GeoVera, White, Hodges, and Ritchie refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants GeoVera, White, Hodges, and Ritchie failed to conduct a reasonable investigation. Specifically, Defendants GeoVera, White, Hodges, and Ritchie performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. . . .
>
> 32. Defendants GeoVera, White, Hodges, and Ritchie knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.[9]

Immediately following this section are Plaintiffs' "CAUSES OF ACTION," in which Plaintiffs bring some claims only against GeoVera, some claims only against adjusters White, Hodges, and Ritchie, and some claims against all defendants.

Plaintiffs' Original Petition repeats almost verbatim the allegations and causes of action asserted in <u>Harris v. Allstate Texas Lloyd's</u>, No. H-10-0753, 2010 WL 1790744 (S.D. Tex. April 30, 2010) (Lake, J.) and <u>Cruz v. Standard Guaranty Ins. Co.</u>, No. H-10-352, 2010 WL 2269846 (S.D. Tex. June 4, 2010). In <u>Harris</u> and in <u>Cruz</u>, plaintiffs' motions to remand were granted because, if proven true, the plaintiffs' allegations would "create a reasonable

---

[9] Document No. 1, ex. 5 (Orig. Pet.).

probability that [the plaintiff] could prevail in his claims against the [individual adjuster]." Harris, 2010 WL 1790744, at *4. The defendants failed to proffer any evidence disproving these allegations; therefore, a summary inquiry was unwarranted and remand was appropriate. Id. at *4-5. The same analysis applies here.

In contrast to the cases Defendants cite, in which the plaintiffs failed to plead any conduct of the adjusters tied to the causes of action on which they were sued, see Weldon Contractors, Ltd., v. Fireman's Fund Ins. Co., No. 4:09-CV-165A, 2009 WL 1437837 (N.D. Tex. May 22, 2009), First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co., No. 1:07-CV-988, 2008 WL 4533729 (E.D. Tex. Sept. 29, 2008), and Broadway v. Brewer, No. 4:08-cv-475, 2009 WL 1445449 (E.D. Tex. 2009), in this case, Plaintiffs allege that White, Hodges, and Ritchie performed substandard inspections of the property, did not report all of the damages, undervalued the damages they did report, and failed to affirm or deny coverage within a reasonable time. If Plaintiffs can prove these allegations to be true, there is a "reasonable probability that [they] could prevail in [their] claims against the [individual adjusters]." Harris, 2010 WL 1790744, at *4. Therefore, the Defendants have not met their burden to show that White was fraudulently joined in this action.

III.  <u>Order</u>

Based on the foregoing, it is

ORDERED that Plaintiffs Brent E. Vincent's and Ysolda Vincent's Motion to Remand (Document No. 10) is GRANTED, and this case is REMANDED to the 190th Judicial District Court of Harris County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 190th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 26th day of May, 2011.

                                                _____
                                                   EWING WERLEIN, JR.
                                           UNITED STATES DISTRICT JUDGE